IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT EUGENE LEMING,

        Petitioner,

    v.

S. FRANK THOMPSON,

        Respondent.

Civil No. 06-639-BR

OPINION AND ORDER

**FRANCESCA FRECCERO**
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

      Attorney for Petitioner

**JOHN R. KROGER**
Attorney General
**LESTER B. HUNTSINGER**
Senior Assistant Attorney General
Department of Justice
1162 State Street NE
Salem, OR  97301

      Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court **DENIES** the Petition for Writ of Habeas Corpus.

<u>BACKGROUND</u>

On June 29, 2000, a Deschutes County grand jury indicted Petitioner on one count of Assault in the Second Degree. The charge arose from an altercation between Petitioner and Christine Grant, with whom Petitioner had lived for several years. Petitioner struck the victim with a wood shaft, causing injuries.

Petitioner entered a not guilty plea, and an attorney was appointed to represent him. Against the advice of his attorney, Petitioner rejected several plea offers from the prosecution. Following a bench trial at which both Petitioner and the victim testified, the trial judge found the victim to be the more credible witness and convicted Petitioner of Assault in the Second Degree. The trial judge sentenced Petitioner under Measure 11 to 70 months of imprisonment, with 36 months of post-prison supervision.

Petitioner did not directly appeal his conviction or sentence. Petitioner did file a petition for state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. On appeal, the Oregon Court of

Appeals affirmed the judgment without opinion, and the Oregon Supreme Court denied review. *Leming v. Santos*, 202 Or. App. 440, 125 P.3d 101 (2005), *rev. denied*, 340 Or. 34, 129 P.3d 183 (2006).

On May 3, 2006, Petitioner filed his Petition for Writ of Habeas Corpus in this Court. Petitioner alleges his trial attorney provided constitutionally ineffective assistance of counsel in five respects:

> (1) Trial counsel failed to locate, interview, or secure eye witnesses for defense purposes;
>
> (2) Trial counsel failed to fully cross-examine and impeach the victim with her inconsistent statements to police officers, which conflicted with her trial testimony;
>
> (3) Trial counsel failed to object to leading questions by the prosecutor and the judge at trial;
>
> (4) Trial counsel failed to investigate the crime scene and failed to consult a medical expert to render an opinion on the victim's injuries; and
>
> (5) Trial counsel was not properly qualified to represent Petitioner in a Measure 11 case.[1]

In his Memorandum of Law in Support of his Petition, Petitioner argues only his claims that counsel was ineffective for failing to interview and call a third-party witness and for failing to effectively impeach the victim. Petitioner "submits the remaining [three] claims without argument."

---

[1] Neither counsel in this case addressed Petitioner's fifth claim, which appeared as a hand-written addendum on the last page of the Petition. The issue was, however, addressed in the PCR proceeding.

Respondent contends the claims not addressed in Petitioner's Memorandum should be denied as not traversed.  As to the remaining claims, Respondent argues the PCR court's decision denying relief is entitled to deference and that the claims lack merit.

## LEGAL STANDARDS

Under 28 U.S.C. § 2254(d)(1), federal habeas corpus relief may not be granted on a claim that was adjudicated on the merits in state court, unless the adjudication:  "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

Under *Strickland v. Washington,* to prevail on a claim of ineffective assistance of counsel, Petitioner must show that (1) his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense.  466 U.S. 668, 687 (1984); *Bell v. Cone,* 535 U.S. 685, 698-99 (2002); *Williams v. Taylor,* 529 U.S. 362, 390 (2000).  Failure to make the required showing on either prong defeats the ineffectiveness claim.

To prove deficiency of performance, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 688.  There is a strong presumption that the counsel's conduct falls within a wide range of reasonable professional assistance.  *Id*. at 689.

To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell,* 535 U.S. at 695; *Williams*, 529 U.S. at 390-91; *Strickland,* 466 U.S. at 687, 694.  "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"  *Williams,* 529 U.S. at 391 (quoting *Strickland,* 466 U.S. at 694).

<u>DISCUSSION</u>

## I.   Claims Not Traversed

Respondent contends the grounds for relief alleged in the Petition but not addressed in Petitioner's Memorandum should be denied on the sole basis that the claims are not traversed. Respondent relies upon 28 U.S.C. § 2248 which provides that the allegations of a return to a habeas petition, or an answer to an order to show cause, "if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

The Court notes, however, the Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Proceedings provide a traverse is no longer contemplated "except under special circumstances", and that the common law assumption of verity of the allegations of a return until impeached, as codified in 28 U.S.C. § 2248, is no longer applicable." Advisory Committee Note

to Rule 5, 28 fol. § 2254 (1976) (*citing Stewart v. Overholser*, 186 F.2d 339, 343 n. 5 (D.C. Cir. 1950)).  In light of the foregoing, and in the absence of any case law supporting Respondent's position that the failure to furnish legal argument in support of habeas claims renders the claims abandoned, the Court declines to find the claims not traversed to be waived or subject to denial on that basis alone.  Nonetheless, for the reasons set forth below, the Court finds that Petitioner has failed to sustain his burden to prove that federal habeas relief is warranted as to those grounds.  *See Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004), *cert. dismissed*, 545 U.S. 1165 (2005) (petitioner bears the burden of proving he is entitled to habeas relief).

Petitioner alleges trial counsel was ineffective because she failed to object to leading questions, she failed to examine the crime scene or consult a medical expert, and she was not qualified to litigate a Measure 11 case.  Each of these issues was addressed in the PCR hearing, and the PCR judge denied relief.

Petitioner has failed to demonstrate in this Court that the PCR court's ruling is (1) contrary to, or an unreasonable application of clearly established federal law; or (2) premised upon an unreasonable determination of the facts in light of the evidence presented.  Accordingly, habeas relief is not warranted. See 28 U.S.C. § 2254(d)(1) & (2).

## II.  Failure to Locate and Interview Witness Curtis Bilbruck

Petitioner alleges counsel failed to locate and interview Curtis Bilbruck, an alleged witness to a portion of the incident. At the PCR trial, Petitioner's attorney testified Petitioner did not provide sufficient information for her to locate the witness. Although the witness was in fact in the county jail, counsel had no knowledge he was there.

After Petitioner found Bilbruck in jail, Bilbruck provided Petitioner a written statement and, later, signed an affidavit drafted by Petitioner.  Bilbruck gave a third statement to an investigator for Petitioner's PCR attorney.

The PCR trial judge had the benefit of the three statements provided by Bilbruck.  The judge concluded, nonetheless, "that none of the witnesses who could've testified" in the criminal case "were particularly credible."  This finding is supported by the record. *See Marshall v. Lonberger*, 459 U.S. 422, 432-35 (1983) (federal courts defer to state court credibility findings unless the finding as a whole is not fairly supported by the record).

Because Petitioner did not establish a reasonable probability that, but for counsel's failure to locate and call Bilbruck as a witness, the result of Petitioner's criminal trial would have been different, the PCR court's decision is entitled to deference, and Petitioner is not entitled to habeas corpus relief on this claim.

### III. Failure to Adequately Cross-Examine or Impeach the Victim

Petitioner alleges trial counsel provided constitutionally ineffective assistance because she failed to adequately cross-examine and impeach the victim. The thrust of Petitioner's argument is that counsel should have offered a written police report which contained statements contradicting the victim's testimony at trial.

In fact, counsel did show the report in question to the victim. The prosecutor objected, but the trial judge overruled the objection, noting that anything may be used to refresh a witness' memory, even thought it might not be used to impeach. After reviewing the report, the victim testified she did not remember making the pertinent statement to the police officer.

Although the police report was not admitted into evidence, the police officer who prepared the report testified that he taped the conversation with the victim upon which the written report was based. In addition, a copy of the taped interview was admitted into evidence and played before the court, so that conflicting statements were in evidence.

The PCR trial judge reviewed the trial transcript and other evidence and concluded trial counsel "did in fact" impeach the victim's testimony. Moreover, the PCR judge noted that notwithstanding the evidence of the victim's conflicting statements, the trial judge nonetheless found her the more

credible witness.  The PCR court's conclusion that Petitioner did not demonstrate that trial counsel's performance fell below an objective standard of reasonableness and that the outcome of Petitioner's trial would not have been effected by more vigorous cross-examination was not contrary to or an unreasonable application of *Strickland*.  Accordingly, Petitioner is not entitled to habeas corpus relief on this claim.

<u>**CONCLUSION**</u>

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus and DISMISSES this action.

IT IS SO ORDERED.

DATED this <u>23rd    </u> day of February, 2009.


<u>    /s/ Anna J. Brown          </u>
ANNA J. BROWN
United States District Judge

P:\Brown-LawClerks\06-6391eming0219opin.wpd